UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY, | ) ) ) | |
| **Plaintiff** | ) ) | |
| v. | ) ) | No. 3:06cv0378 AS |
| ROSEANN KWAK, KIMBERLY OVERMYER, and MARSHALL-STARKE DEVELOPMENT CENTER, INC., | ) ) ) ) ) | |
| **Defendants** | ) | |

*MEMORANDUM, OPINION AND ORDER*

This court heard from counsel in this case in open court in South Bend, Indiana on October 5, 2006. Counsel were well prepared and very professional in their approach to the case. Understanding the concerns of the counsel for West Bend Mutual Insurance Company, a Wisconsin company, this court must take into account the particulars of this court's jurisdiction under 28 U.S.C. §1332 and take into account that parallel issues are involved in cases pending before the state courts in Starke County, Indiana. This court must not gainsay the decision of the Supreme Court of the United States in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942) and more recently *Wilton v. Seven Falls Company*, 515 U.S. 27 (1995). This court is also aware of the highly relevant teaching in *State Auto Ins. Co. v. Summy*, 234 F.3d 131 (3d Cir. 2000). Although not decided in this circuit, *Schepers v.*

*Terex Corp.*, 441 F.Supp. 2d 1004 (N.D. Ia. 2006) represents a careful approach to the federal-state judicial functions and the real world tensions involved.

Certainly this court understands the basic underlying purpose of the Declaratory Judgment Act involved here.  As indicated somewhat generally during those proceedings on October 5, 2006 in South Bend, this court has very considerable confidence in the ability, especially of the Court of Appeals of Indiana, of dealing with the coverage questions that may inhere in this dispute.  Without any disrespect whatsoever, this court is a respecter of the federalism which inheres in the Constitution of the United States.  As a result, this court is most reluctant to wade into this state court dispute and chooses to exercise any discretion it may have to desist from doing so.

Therefore, the motion to dismiss by these defendants is **GRANTED WITHOUT PREJUDICE** to all concerned to fully litigate the issues involved in the state courts of Indiana. Each party will bear its own costs.  The Clerk shall enter judgment accordingly.  **IT IS SO ORDERED**.

DATED:  October 11, 2006

                                                    S/ ALLEN SHARP
                                                    **ALLEN SHARP, JUDGE**
                                                    **UNITED STATES DISTRICT COURT**